**Appeals Dismissed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00658-CR
NO. 14-18-00697-CR

**BRODERICK  RECHARD  STOKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1472406 & 1486119**

## M E M O R A N D U M   O P I N I O N

Appellant Broderick Rechard Stokes pleaded guilty to burglary of a vehicle with two or more previous convictions in cause number 1472406 (appeal number 14-18-00658-CR) and fraudulent use of identifying information in cause number 1486119 (appeal number 14-18-00697-CR). Appellant and the State agreed appellant's punishment would not exceed six years' imprisonment for each conviction, with the sentences to run concurrently. On February 23, 2016, the trial court sentenced appellant in accordance with the terms of his agreements with the State. Appellant filed a notice of appeal from each judgment on July 25, 2018.

We lack jurisdiction over these appeals for two reasons: the notices of appeal were not filed timely, and these are plea bargain cases with no appealable matters and appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notices of appeal were filed more than two years after the sentences were imposed. Therefore, the appeals were not timely perfected.

Second, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2).

Appellant's punishments do not exceed the agreed lengths of confinement. The records do not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.

Accordingly, we **DISMISS** the appeals.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).